UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LADY OLIVIO,

    Plaintiff,

v.                                                    Case No.  6:12-cv-1772-Orl-36TBS

BIG LOTS STORES, INC.,

    Defendant.
_____

## ORDER

Pending before the Court is Plaintiff's Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 8).

Counsel for Plaintiff has certified, pursuant to Local Rule 3.01(g), that on November 27, 2012 he attempted to confer with Defendant's counsel by e-mail but no response was received. (Id.) Plaintiff's counsel also certified that his e-mail to a paralegal employed by Defendant's counsel has gone unanswered. (Id.) Based upon these e-mails, the attorney for Plaintiff concludes that he has attempted to confer with Defendant's attorney regarding the relief sought in the pending motion. (Id.) Plaintiff's counsel also stated that he would supplement his Local Rule 3.019g) certification as needed. (Id.) The attempts by the lawyer representing Plaintiff to confer by e-mail and the failure of Defendant's lawyer to respond are both unacceptable.

Local Rule 3.01(g) provides that before filing most motions in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that

the moving party has conferred with the opposing party, and that the parties have been unable to agree on the resolution of the motion.  The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred."  A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g).  The term "counsel" in Rule 3.01(g) includes pro se parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring pro se movants to file Rule 3.01(g) certificates.  Counsel must respond promptly to inquiries and communications from opposing counsel.  Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism).  A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.  The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

     The Court held this motion until now to see whether Plaintiff's counsel would supplement his Rule 3.01(g) certificate and he has not.  Now, Plaintiff has seven days from the rendition of this Order within to supplement her Motion to Remand to State Court and Supporting Memorandum of Law (Doc. 8).  If the deficiency noted is not

corrected within the time allowed, the Court will recommend that the motion be denied.

       IT IS SO ORDERED.

       DONE AND ORDERED in Orlando, Florida, on December 5, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel