UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**LADY OLIVO,**

        **Plaintiff,**

**v.**             Case No: 6:12-cv-1772-Orl-36TBS

**BIG LOTS STORES, INC.,**

        **Defendant.**

_____

## ORDER

This cause comes before the Court on the Report and Recommendation of Magistrate Judge Thomas B. Smith, filed on December 27, 2012 (Doc. 17). In the Report and Recommendation, Magistrate Judge Smith recommends that Plaintiff Lady Olivo's ("Plaintiff") Motion to Remand (Doc. 8) be granted. *See* Doc. 17. On January 10, 2013, Defendant Big Lots Stores, Inc. ("Defendant") filed an Objection to the Report and Recommendation (Doc. 18), to which Plaintiff responded (Doc. 19). As such, this matter is ripe for review.

**I.   BACKGROUND**

This action arises from injuries Plaintiff allegedly suffered as a result of a "slip-and-fall" at Defendant's store in Orlando, Florida on December 3, 2010. Doc. 2, ¶¶ 4–9. On October 10, 2012, Plaintiff filed a Complaint against Defendant in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, asserting a claim for negligence (the "Complaint"). Doc. 2. On November 23, 2012, Defendant filed a timely Notice of Removal (Doc. 1) in this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that the Court has diversity jurisdiction

under 28 U.S.C. § 1332(a).[1]  On November 29, 2012, Plaintiff filed a Motion to Remand to State Court ("Motion to Remand") (Doc. 8), arguing that the amount in controversy requirement of 28 U.S.C. § 1332(a) had not been met.  On December 27, 2012, Magistrate Judge Smith issued a Report and Recommendation recommending that Plaintiff's Motion to Remand be granted.  Doc. 17.

## II. STANDARD OF REVIEW

When a party makes a timely and specific objection to a Magistrate Judge's Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980).  The district judge may accept, reject, or modify in whole or in part, the Report and Recommendation of the Magistrate Judge.  Fed. R. Civ. P. 72.  The district judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions.  *Id*.

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which such action is pending, provided that the district court has jurisdiction.  28 U.S.C. § 1441(a).  Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  The party seeking removal bears the burden of proving proper federal jurisdiction.  *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).  "Where a plaintiff fails to specify the total amount of damages demanded . . . a defendant seeking removal based on

---

[1] The timeliness of the removal is not in dispute.  Pursuant to 28 U.S.C. § 1446(b), Defendant was required to file its Notice of Removal "within 30 days after the receipt by the [D]efendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  Defendant was served with process on October 26, 2012 (Doc. 3) and filed the Notice of Removal on November 23, 2012 (Doc. 1), which was within the statutory timeframe.

diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Id.* "To determine whether this standard is met, a court first examines whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. . . . If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006) (internal citations and quotations omitted). In assessing whether removal is proper, the Court may consider "only the limited universe of evidence available when the motion to remand is filed—i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendant[ ] nor the court may speculate in an attempt to make up for the notice's failings." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007). "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Williams v. AFC Enterprises, Inc.*, 389 F.3d 1185, 1189 (11th Cir. 2004) (quotations omitted).

### III. DISCUSSION

Defendant's sole objection to the Report and Recommendation is that the Magistrate Judge erred in concluding that Defendant failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[2] Defendant argues, as it did before the Magistrate Judge, that Plaintiff's pre-suit settlement demand letter (the "Demand Letter") (Doc. 1-1, pp. 4–

---

[2] It is undisputed that there is complete diversity between the parties, as Plaintiff is a citizen of Florida, and Defendant is an Ohio corporation with its principal place of business in Ohio and, therefore, a citizen of Ohio. Doc. 1, ¶¶ 4, 5; Doc. 8, p. 4.

8), in which Plaintiff demanded $295,000 from Defendant to settle her slip-and-fall claim, establishes that the amount in controversy exceeds $75,000.

It is undisputed that the amount in controversy is not facially apparent from the Complaint. The Complaint merely contains the standard jurisdictional language for the Florida state circuit court asserting damages "in excess of Fifteen Thousand Dollars ($15,000), plus interest and costs[.]"[3] Doc. 2, p. 4. Thus, the Court must look to the other removal documents. *Miedema*, 450 F.3d at 1330. Defendant directs the Court to the Demand Letter tendered by Plaintiff on or around December 7, 2011, prior to the commencement of this action in state court. *See* Doc. 1-1, pp. 4–8. Because the Demand Letter was filed contemporaneously with the Notice of Removal, the Court may consider it in determining whether the amount in controversy exceeds $75,000. *See Lowery*, 483 F.3d at 1214–15.

The Demand Letter states that Plaintiff was treated in the emergency room of a local hospital following her fall after complaining of back pain. *Id.* at 4. According to the Demand Letter, Plaintiff continued to suffer chronic back pain and underwent several medical treatments, in which she was diagnosed with a cervical strain, left knee pain, lumbar strain, lumbar radiculopathy, and several herniations with tearing. *Id.* at 4–5. Attached to the Demand Letter is an exhibit called "Special Damages," which itemizes the cost of these treatments and specifies a total cost of $45,469.19. *Id.* at 7–8. The Demand Letter further asserts, under the caption "Future Medical Treatment," that Plaintiff is undergoing strengthening exercises and that she has been advised by a neurological surgeon that she will require "a multilevel reconstruction of her lumbar spine." *Id.* at 5. The Demand Letter states that a "reasonable settlement value for

---

[3] In Florida, pleading an amount in controversy in excess of $15,000 is necessary to invoke the jurisdiction of the circuit courts rather than the county courts. *See* Fla. Stat. Ann. § 26.012(2)(a) (West 2012); Fla. Stat. Ann. § 34.01(1)(c) (West 2012); *Haueter-Herranz v. Romero*, 975 So. 2d 511, 514 (2d Fla. Dist. Ct. App. 2008).

[Plaintiff's] claim for bodily injuries, impairments, damages, and losses is well in excess of $295,000.00, for which [Plaintiff] hereby make[s] demand." *Id.* at 6.

Defendant argues that the Demand Letter establishes that the amount in controversy exceeds $75,000. However, the Magistrate Judge has already considered and rejected this argument, and the Court sees no reason to diverge from the Report and Recommendation. "Settlement offers do not automatically establish the amount in controversy for purposes of diversity jurisdiction. Instead courts have analyzed whether demand letters merely reflect puffing and posturing, or whether they provide specific information to support the plaintiff's claim for damages and thus offer a reasonable assessment of the value to the claim." *Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, No. 3:10-cv-615, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (quotations omitted); *accord Diaz v. Big Lots Stores, Inc.*, No. 5:10-cv-319, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010). Here, Plaintiff's Demand Letter reflects mere posturing rather than a reasonable assessment of the value of her claim. The Demand Letter specifies medical expenses totaling $45,469.19, but it does not provide specific estimates for any other damages and does not explain how Plaintiff arrives at the $295,000 demand. Accordingly, it is entitled to little weight in determining whether the amount in controversy exceeds $75,000. *See Diaz*, 2010 WL 6793850, at *2 ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.").

As there is no other basis for the Court to conclude that the amount in controversy exceeds $75,000, and in light of the fact that removal jurisdiction should be strictly construed and uncertainties resolved in favor of remand, the Court agrees with the Magistrate Judge that Defendant has failed to establish by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement. Therefore, Plaintiff's Motion for Remand will be granted.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 17) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff's Motion for Remand (Doc. 8) is **GRANTED**.

3. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

4. Plaintiff's request for attorneys' fees is **DENIED**.

5. Defendant's Motion to Compel (Doc. 21) is **DENIED as moot**.

6. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. The Clerk is further directed to **CLOSE** this case and terminate all previously scheduled deadlines.

**DONE** and **ORDERED** in Orlando, Florida on February 14, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
United States Magistrate Judge Thomas B. Smith